## WAILUU *v.* KAINOAKUPUNA.

## No. 952.

APPEAL FROM CIRCUIT JUDGE, FIRST CIRCUIT.

HON. T. B. STUART, JUDGE.

ARGUED AUGUST 30, 1916.          DECIDED NOVEMBER 21, 1916.

ROBERTSON, C.J., WATSON AND QUARLES, JJ.

EQUITY—*cancelation of instrument.*

> In a suit in equity to obtain judgment canceling a deed it was
> alleged that the consideration moving to the plaintiff was defend-
> ant's promise to "sufficiently and comfortably support her during
> her natural life," and that defendant had failed and refused so
> to do; the evidence showed that defendant and his family had
> lived on the premises conveyed with the plaintiff for nearly four
> years after the execution of the deed, during which time defend-
> ant had furnished plaintiff with clothing and had furnished the
> food used; plaintiff occasionally complained that she did not get
> a sufficient amount of poi, but never so complained to the defend-
> ant; plaintiff finally left the premises without the knowledge or
> consent of the defendant, who wrote her asking her to return and
> testified that he had at all times supported, and has at all times
> been ready and willing and able to sufficiently and comfortably
> support, plaintiff in accord with her rank and station in life,
> pursuant to his promise so to do; held, that the plaintiff's suit
> is without equity and the judgment in her favor reversed with
> instructions to dismiss plaintiff's bill.

OPINION OF THE COURT BY QUARLES, J.

The plaintiff filed her bill in equity to obtain a decree
canceling a deed to certain lands made by her to the defend-
ant. She alleges in her bill that the real consideration for
the conveyance was the maintenance of herself by the de-
fendant who agreed to furnish her with the necessaries of
life and "sufficiently and comfortably support and maintain

her during her natural life;" that the consideration of $500 expressed in the deed was not paid by defendant to her at any time; that the property conveyed was and is of the value of $5000; that the defendant still holds the title to the said property by virtue of the said deed; and that the defendant, although often requested, has hitherto neglected and refused, and still does neglect and refuse, to support and maintain the plaintiff or to provide her with the necessaries of life. The prayer is that process issue and that defendant be required to answer; that a temporary writ of injunction issue restraining the defendant from selling or disposing of the property conveyed by the deed or encumbering it *pendente lite;* that the deed be delivered up and canceled, and for such further relief as may be just. A copy of the deed is attached to and made a part of plaintiff's bill. The deed on its face is an absolute deed from plaintiff to defendant in which the only consideration expressed is the sum of $500, the receipt of which is therein acknowledged.

The defendant filed his answer to the said bill in which he alleged that the said deed was made to him by the plaintiff of her own volition and not by request; that prior thereto he had expended on the property in building and repairing houses money to the extent of $595, and had spent other sums in addition thereto which he is unable to state; that he advanced to the plaintiff at one time $100 in money and at other times large sums; that the plaintiff and defendant did have a secret understanding that "he would provide her with all the necessaries of life and sufficiently and comfortably support and maintain her during her natural life in accord and commensurate with her station in life;" that he did, from the date of the execution of the deed to the 24th day of December, 1914, provide the plaintiff with all the necessaries of life, and did sufficiently and comfortably support and maintain her in accord with such

secret understanding and agreement; that he denies that the property was or is in value greater than $1500, and alleges that some of the property mentioned in the deed cannot be located; alleges that the plaintiff, yielding to the importunities and the entreaties of one Mrs. Waiau, did, on the 24th day of December, 1914, leave the home of defendant and go to reside with Mrs. Waiau; that he has not failed or refused to support and maintain the plaintiff in accord with their said secret agreement or understanding, but has been at all times and now is ready and willing so to do, and that defendant has not been requested by plaintiff to support and maintain her at any time.

The cause was heard by the circuit judge who rendered his decision in favor of the plaintiff, finding among other things that the sum of $30 per month is a reasonable sum for the support and maintenance of the plaintiff; that there is due up to and including July 31, 1915, to plaintiff from the defendant the sum of $247 for support and maintenance, and that the defendant pay the plaintiff such sum on or before August 15, 1915, and pay to the plaintiff thereafter, beginning September 1, the sum of $30 monthly, payable the first day of each month, during the term of her natural life; that upon failure of the defendant to make any of the said payments his interest in the property should cease and an additional decree should be entered confirming the title of the plaintiff in and to the said property; that the amounts decreed to be paid by the defendant to the plaintiff shall be and are declared to be a lien upon the said property; that upon payment by the defendant to the plaintiff of all amounts due and to become due her title in said property should vest in him but not prior thereto, and that all said amounts should be paid by the defendant to the clerk of the court who should in turn pay the same to the plaintiff.

From the said decree the defendant has appealed and

has assigned the following errors: "(1) The petition is not sufficient to support the decree rendered, or any decree; (2) the evidence is not sufficient to support the decree rendered; (3) the court has no power to cancel the deed or declare the same a mortgage; (4) the plaintiff-appellee's only remedy is the common law action for breach of covenant."

The only ground upon which the circuit judge, sitting as a court of equity, is asked to cancel the deed is the alleged failure of the defendant to support and maintain the plaintiff. Whether a court of equity should cancel a deed like the one in question upon the mere ground of failure of consideration, total or partial, is not necessary to a decision here, as, in our view, the allegations of the bill are not sufficiently established by the evidence, and the defendant's second assignment of error must be sustained. We will therefore only discuss the second assignment of error.

The allegations of the answer, supported by uncontradicted evidence, show that for three years before and more than three years after the execution of the deed the defendant supported and maintained the plaintiff. The plaintiff testified that the defendant had supported and provided for her properly for three years prior to the making of the deed. She complained that after the deed was executed she did not have a sufficiency of poi at times and was compelled to eat Japanese diet. Her evidence in this regard is corroborated by Anna Kalau. The circumstance that the plaintiff lived upon the premises and was supported by the defendant for a period of about three years and nine months after she executed the deed is important evidence that the defendant had kept his promise to support her and negatives the allegation of the bill that he failed to support and maintain her. The defendant and his older daughter both testified that after the execution of the deed and up to the

time that the plaintiff left the premises the defendant pro-
vided the same kind of food for the plaintiff and in the
same way that he had for the three years preceding the
execution of the deed.  The evidence shows that the defend-
ant, when the deed in question was executed, had two
pieces of land, one of which he had inherited and the other
of which he had purchased.  On both tracts of the defend-
ant's land were two houses, and on one of them there were
more than three acres of growing taro; that the defendant
sent taro or poi from his own land to the place where the
plaintiff and the children of the defendant lived twice a
week; that they got fresh fish every time a peddler came
around with fish, and when they did not have fresh
fish the defendant would buy salt salmon at the stores.
Plaintiff complained that the older daughter of the defend-
ant quarreled at her and refused to let her have food; that
this daughter had been made overseer of the house, or
manager thereof by the defendant.  On the other hand, the
daughter and defendant both testified that plaintiff was
in charge of the house and that the daughter acted under
the plaintiff; that when anything was needed the plaintiff
notified the defendant and he would either get it himself or
send out and get it.

The plaintiff complained that the defendant brought to
the house the Japanese husband of plaintiff's older daugh-
ter, after which she had to eat Japanese diet.  There is no
merit in this contention.  Uncontradicted evidence shows
that this daughter and Japanese married soon after the ex-
ecution of the deed, after which time they lived upon the
premises, and this Japanese husband of defendant's older
daughter ate poi and other food as well as rice and vege-
tables. It seems somewhat incredible that it took the plaintiff
more than three years to become dissatisfied with the diet
furnished, after the deed was executed, upon the grounds
on which she places it—that after the Japanese son-in-law

of the defendant came to the premises she had to eat Japanese diet. There is some evidence to the effect that the involved property had been deeded by the plaintiff to a brother of hers and later that she deeded it to Mrs. Waiau, her sister-in-law, out of which litigation grew, and plaintiff testified that out of $800 received by the defendant from the sale of the personal property conveyed to him by the deed he gave her $100 and told her that he wanted the other $700 for his lawyers in litigation growing out of said deeds. The defendant testified that he sold the cattle he received and used the money paying debts that plaintiff owed to different stores. The evidence of the plaintiff that she complained to the defendant that she was not receiving sufficient food or proper food is contradicted by the evidence of the defendant and by the circumstances. The evidence shows that the plaintiff left the premises without saying anything to the defendant about going or about her reasons for so doing, and as soon as the defendant learned that she had left and gone to Mrs. Waiau's he wrote to her and asked her to return. Plaintiff admitted having received this letter. The defendant testified that he gave the plaintiff pin money from time to time, the last time being in December, 1914, just before she left, when he gave her seven dollars, which he says is the least amount that he ever gave her at any time. The defendant testified that he made considerable improvements on the land deeded to him by the plaintiff, moving a house thereto, buying a water tank which cost $50 besides freight and cartage, bought iron roofing, and built a storehouse and an addition to the residence, paying carpenters for work thereon $180.

Defendant kept his promise for nearly four years after the execution of the deed, and when the plaintiff left the premises without his knowledge he promptly sent a letter to her asking her to return, and testified that he had been at all times ready and willing to support and maintain the

plaintiff. Under the evidence the defendant has substantially complied with his agreement to support and maintain the plaintiff. He has, according to the evidence, although contradicted in part, placed her in charge of the house in which his children. live, and in which he lives although absent therefrom a good part of each week, and whenever she expressed a desire to him for food or raiment he promptly responded. Under the evidence we hold that there is no equity in the plaintiff's suit.

The decree is reversed, and the cause remanded to the circuit judge with instructions to dismiss the plaintiff's bill. Costs are awarded to the defendant-appellant.

*E. K. Aiu* for plaintiff.

*Andrews & Pittman* for defendant.